# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br>CDCR #F-73072,<br><br>                                    Plaintiff,<br><br>               vs.<br><br>C. IMADA, D. PARAMO, COVEL,<br><br>                         Defendants. | Case No.: 3:21-cv-0149-CAB-WVG<br><br>**ORDER: 1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF NO. 6),**<br><br>**2) DISMISSING CERTAIN CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b), AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT UPON DEFENDANT IMADA PURSUANT TO FED. R. CIV. P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

On January 27, 2021, Plaintiff Allen Hammler ("Hammler" or "Plaintiff"), currently incarcerated at California State Prison, Corcoran and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1 at 1.) On January 28, 2021, the Court dismissed the case without prejudice for failure to pay the filing fee required by 28 U.S.C. § 1914(a) and/or failing to move to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) The Court gave Plaintiff forty-five days to either pay the filing fee or move to proceed IFP. (*See id.* at 2.) After

receiving an extension of time (ECF No. 4), Plaintiff filed a Motion for Leave to Proceed IFP on May 27, 2021. (ECF No. 6.)

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84–85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Hammler has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at RJD. *See* ECF No. 2 at 1–3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Hammler maintained an average monthly balance of $513.72 and had $333.33 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint. His available balance as of May 18, 2021, was $430.45. (*See* ECF No. 6 at 4.) Therefore, the Court **GRANTS** the motion and assesses an initial partial filing fee of $102.74, pursuant to 28 U.S.C. § 1915(b)(1). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.   Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A.   Legal Standard

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

3

applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. In deciding whether to dismiss the complaint for failing to state a claim, the court is generally bound by the facts and allegations contained within the four corners of the complaint. *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2007). But, if the plaintiff has supplemented the complaint by attaching documents, the court may consider these documents as part of the complaint when determining whether the plaintiff can prove the allegations asserted in the complaint. *During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Finally, while a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of

4

official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

B.    Plaintiff's Allegations

Hammler contends that on or about November 28, 2016, his family members "made contact" with Imada, a correctional officer at RJD, and "informed him that Plaintiff's mother was in hospice on her death bed and requesting to speak with Plaintiff in anticipation of her passing." (ECF No. 1 at 3.) Imada told Plaintiff's family members that he would need to "speak with his supervisor." (*Id.*)

Plaintiff alleges that Imada deliberately failed to inform him of the call from his family or to take any steps to arrange for Plaintiff to receive the message. (*Id.* at 3–4.) Hammler contends Imada intentionally failed to tell him about the call "because Imada knew that Plaintiff had recently filed [internal grievances]" against him and other RJD correctional officers on October 20, 2016 and November 7, 2016. (*Id.* at 4.) On November 28, 2016, the day Hammer's family called and spoke to Imada, Hammler had been interviewed regarding one of the incidents.  (*Id.* at 7–8.)

Plaintiff's mother passed away on December 3, 2016. (*Id.* at 5.) Plaintiff did not learn about his mother's death until January 6, 2017, when he was collected from his cell and taken an office and told there was an "emergency and he was to call his family." (*Id.* at 5.) When he spoke to his family on January 6, 2017, they told him they had attempted to contact him on November 28, 2016. Plaintiff then learned that Imada had failed to inform Plaintiff of the call, as required by state regulations. (*Id.* at 6.)

C.    42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under section 1983, Hammler must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*,

789 F.3d 1030, 1035–36 (9th Cir. 2015).

       **D.**    <u>Discussion</u>

            1.    *Defendants Covel and Paramo*

Plaintiff has sued Defendants Paramo and Covel, the RJD Warden and Associate Warden of RJD, respectively. He alleges that "prior to November 28, 2016, [they] were informed by Plaintiff of the unconstitutional treatment their agents were subjecting Plaintiff to and were so informed in detail . . .and via CDCR 602 Appeals but [nevertheless] allowed Imada and others to go unchecked" by perpetuating a "code of silence."  (ECF No. 1 at 8.)

It appears that Plaintiff has named Paramo and Covel on the grounds that they are responsible for operating the prison and should therefore be held liable for the alleged retaliatory actions of their subordinates. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993). "Because vicarious liability is inapplicable to . . . § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; see *also Jones v. Cmty. Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (stating that in order to state a claim, even pro se plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in").

Moreover, supervisory officials may only be held liable under § 1983 if Plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff's Complaint offers no factual detail from which the Court might reasonably infer a plausible constitutional claim as to Warden Paramo and/or Associate Warden Covel because he does not allege that either Defendant personally committed any of the acts he alleges. He merely contends they failed to adequately supervise Imada and other staff and failed to ensure Imada complied with

California Code of Regulations § 3282(g)[2] after Plaintiff's family tried to reach him about his mother's failing health. Plaintiff, however, does not assert that Paramo or Covel had any knowledge of the call from Plaintiff's family or Imada's failure to inform him of it. Nor does he allege that either Defendant "through [their] own individual actions. . . violated the Constitution." *Iqbal*, 556 at 676; *Jones*, 733 F.2d at 649.

For these reasons, the Court dismisses Defendants Paramo and Covel as parties to this action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and 28 U.S.C. § 1915A(b)(1), (2); *Lopez*, 203 F.3d at 1126–27; *Wilhelm*, 680 F.3d at 1121.

### 2.    *Defendant Imada*

Plaintiff alleges Imada deliberately failed to inform him or other appropriate staff about the November 28, 2016 phone call from Plaintiff's family regarding his mother's failing health, as required under California Code of Regulations § 3282(g). (ECF No. 1 at 3–4.) He contends this was in retaliation for his recent filing of 602 grievances against Imada and other RJD correctional officers. (*Id.*) The Court finds Hammler's Complaint contains plausible First Amendment claim against Imada, sufficient to survive the "low threshold" set to withstand the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (holding that to state a valid First Amendment retaliation claim, Plaintiff must assert: (1) a state actor took some adverse

---

[2] California Code of Regulations section 3282(g) states:

> If staff designated by the institution head determine that an incoming call concerns an emergency or confidential matter, the caller's name and telephone number shall be obtained and the inmate promptly notified of the situation. The inmate shall be permitted to place an emergency or confidential call either collect or by providing for the toll to be deducted from the inmate's trust account. A confidential call shall not be made on an inmate telephone and shall not be monitored or recorded. If a call is determined to be an attorney and inmate confidential phone call, in order for the inmate to place or receive the call it must have already received approval or clearance in accordance with subsections (g)(1), (g)(2) and (g)(4).

Cal. Reg. Code § 3282(g) (West 2016).

action against him, (2) the adverse action was taken because he engaged in some protected conduct, (3) the state actor's acts "would chill or silence a person of ordinary firmness from future First Amendment activities," and (4) the adverse action "did not reasonably advance a legitimate correctional goal"); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995) (holding prisoners may not be retaliated against for exercising their right of access to the courts); *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) ("The right of meaningful access to the courts extends to established prison grievance procedures."), overruled on other grounds by *Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("Prisoners have a First Amendment right to telephone access, subject to reasonable security limitations.")

Therefore, the Court will order the U.S. Marshal to effect service upon Defendant C. Imada on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III.   Conclusion and Order

For the reasons explained above, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 6).

2.   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $102.74 initial filing fee assessed, if those funds are available at the time this Order is executed, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDNETIFIED BY THE NAME AND NUMBER ASSIGNED TO HIS ACTION.

/ / /

3.      **DIRECTS** the Clerk of Court to serve a copy of this Order by mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.      **DISMISSES** Defendants Paramo and Covel as parties to this matter due to Plaintiff's failure to state a claim against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

5.      **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant C. Imada, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for this Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint (ECF No. 1), and the summons so that he may serve Imada. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, include an address where Imada may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6.      **ORDERS** the U.S. Marshal to serve a copy of the Complaint (ECF No. 1) and summons upon C. Imada as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7.      **ORDERS** Defendant Imada, once he has been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

8.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Imada, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant, or his counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  August 11, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:21-cv-0149-CAB-WVG