UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Allen Hammler, | Case No.: 21cv149-CAB-WVG |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS [Doc. No. 11]** |
| v. | |
| C. Imada, | |
| Defendant. | |

On November 22, 2021, Defendant C. Imada filed a Motion to Revoke Plaintiff's *In Forma Pauperis* ("IFP") Status. [Doc. No. 11.] On January 18, 2022, Plaintiff Allen Hammler filed an opposition. [Doc. No. 18.] On February 3, 2022, Defendant filed a reply. [Doc. No. 19.]

**BACKGROUND**

On January 11, 2021, Plaintiff brought this civil rights matter pursuant to 42 U.S.C. § 1983, against Imada and two other defendants and sought leave to file the action, as required by the pre-filing order in *Hammler v. Alvarez*, No. 18-cv-0326-AJB-WVG (S.D. Cal.). [Doc. No. 1-2 at 1.] On January 27, 2021, the Chief Judge of the Court issued an order granting Plaintiff leave to proceed and directing the Clerk to file Plaintiff's Complaint. [*Id*. at 2.] On January 28, 2021, this Court dismissed the action without prejudice on the grounds that Plaintiff failed to pay the civil filing fee or to

1  submit a motion to proceed in forma pauperis. [Doc. No. 2 at 2.] After the Court granted
2  Plaintiff's request for an extension of time, Plaintiff submitted a motion to proceed in
3  forma pauperis. The Court granted that application on August 11, 2021, as part of the
4  screening order under 28 U.S.C. § 1915. [Screening Order at 8, Doc. No. 7.] In the
5  screening order, the Court also determined that liberally construed, Plaintiff stated a
6  cognizable claim against Defendant C. Imada for a violation of his First Amendment
7  rights when Defendant C. Imada allegedly interfered with a telephone call from
8  Plaintiff's family members in retaliation for grievances filed by Plaintiff. [*Id.* at 7.] The
9  Court then dismissed the two other defendants and directed the U.S. Marshal to effect
10  service on Defendant C. Imada. [*Id.* at 9.] The U.S. Marshal mailed a request for waiver
11  of service to Defendant C. Imada who returned the waiver on October 22, 2021. [Doc.
12  No. 9.]

13  On November 22, 2021, Defendant filed a motion to extend until a ruling on this
14  motion. [Doc. No. 10.]  On November 23, 2021, the Court granted the motion for
15  extension.  [Doc. No. 13.]

## LEGAL STANDARD

17  This action is governed by the Prison Litigation Reform Act of 1995 ("PLRA"),
18  which became effective on April 26, 1996. *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th
19  Cir. 1997). The PLRA provides that a prisoner may not bring a civil action under 28
20  U.S.C. § 1915, i.e., may not proceed IFP, "if the prisoner has, on 3 or more prior
21  occasions, while incarcerated or detained in any facility, brought an action or appeal in a
22  court of the United States that was dismissed on the grounds that it is frivolous,
23  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner
24  is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prisoners
25  "who qualify for IFP status are excused from prepaying court fees and costs." *Harris v.*
26  *Harris*, 935 F.3d 670, 673 (9th Cir. 2019). The PLRA's "three strikes" provision was
27  "designed to discourage vexatious and voluminous prisoner litigation." *Id*.
28

A case must be dismissed on one of the specified enumerated grounds for it to count as a strike under § 1915(g). *Id*. The Ninth Circuit has provided guidance on these enumerated grounds. The phrase "fails to state a claim on which relief may be granted ... parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*King*") (internal quotation marks and citation omitted). "Thus, if a claim is dismissed for failure to state a claim under rule 12(b)(6), it counts as a strike for PLRA purposes." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Id*. (*quoting Jones v. Bock*, 549 U.S. 199, 215 (2007)). A case is considered "frivolous if it is of little weight or importance: having no basis in law or fact." *King*, 398 F.3d at 1121 (internal quotation marks and citation omitted); *see also Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (a claim is "frivolous" when it is without "basis in law or fact"). In addition, a case is considered "malicious if it was filed with the intention or desire to harm another." *Id*. (internal quotation marks and citation omitted).

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id*. A court is not required to announce in an order that its dismissal constitutes a strike under § 1915(g) for that dismissal to later count as a strike. *See id.* at 1119 n.8. In determining whether a prior dismissal counts as a strike, a court "should look to the substance of the dismissed lawsuit, and not to how the court labelled or styled the dismissal." *Harris*, 935 F.3d at 673 (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious, or for failure to state a claim. *Id*. at 674. "[P]artial dismissals of even one claim for a non-qualifying reason will save an entire case from constituting a strike." *Id*.

A "three-strikes litigant" is precluded from proceeding IFP in a new action unless he was "under imminent danger of serious physical injury" at the time he commenced the new action. See 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052–53 (9th Cir. 2007). The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews*, 493 F.3d at 1053. The conditions that existed at some earlier or later time are not relevant. *See id*. The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Id*. at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

When a defendant challenges a prisoner-plaintiff's right to proceed IFP, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's IFP status. *King*, 398 F.3d at 1116, 1120. The defendant must produce court records or other documentation that will allow the court to determine that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." *Id*. at 1120 (quoting 28 U.S.C. § 1915(g)). Once the defendant has made out a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. *Id*. at 1116, 1120.

### REQUEST FOR JUDICIAL NOTICE

Defendant has filed a request for judicial notice of various court records in cases filed by Plaintiff. [Doc. No. 11-1 and 11-2.] Pursuant to Federal Rules of Evidence 201(b)(2), the request for judicial notice is *GRANTED*.

### DISCUSSION

Defendant moves to revoke Plaintiff's IFP status and dismiss this case, unless Plaintiff first pays the full filing fee, on the basis that Plaintiff has previously brought at least three suits or appeals that were dismissed because they were frivolous or failed to state a claim and no showing can be made by Plaintiff that he is or was in imminent danger of serious physical injury at the time he filed this action. [Doc. No. 11.]

    A. Previous Suits or Appeals.

    Here Plaintiff has brought more than three actions or appeals while incarcerated that were dismissed on the basis that they were frivolous or failed to state a claim. First, in *Hammler v. Director of CDCR*, No. 1:17-0097(N.D. Cal.), the magistrate judge dismissed the complaint for failure to state a claim and granted Plaintiff leave to file an amended complaint. [Doc. No. 11-1 at 11-20.] When Plaintiff failed to amend the complaint, the court dismissed the case and entered judgment on April 17, 2017. [Doc. No. 11-1 at 18-23.] Thus, the court's dismissal of the complaint constitutes a "strike" against Plaintiff under 28 U.S.C. §1915(g).

    Second, in *Hammler v. Kernan*, No. 3:18-cv-1170 (S. D. Cal.), the district court screened Plaintiff's case and dismissed the complaint as being frivolous and as failing to state a claim upon which §1983 relief could be granted and gave Plaintiff leave to file an amended complaint. [Doc. No. 11-1 at 30-43.] After Plaintiff filed an amended complaint, the district court dismissed it for being frivolous and for failing to state a claim. [Doc. No. 11-1 at 44-52.] Thus, the district court's dismissal of the complaint and first amended complaint constitute a strike under 28 U.S.C. §1915(g).

    Next, in *Hammler v. Hough*, No. 3:18-cv-1319 (S.D. Cal.), the district court screened Plaintiff's complaint and dismissed it for failure to state a claim. [Doc. No. 11-2 at 58-73.] After the district court granted Plaintiff leave to file an amended pleading, Plaintiff filed a First Amended Complaint which the district court dismissed for failing to state a claim and being frivolous. Judgment was entered accordingly, along with the district court certifying that an "appeal would not be taken in good faith." [Doc. No. 11-2 at 74-92.] Nevertheless, Plaintiff appealed the district court's dismissal of the case to the United States Court of Appeals for the Ninth Circuit. Upon review of the record and Plaintiff's response to the order requiring him to explain why the appeal should not be dismissed as frivolous, the Ninth Circuit denied Plaintiff's motion to proceed in forma pauperis and dismissed Plaintiff's appeal as frivolous. [Doc. No. 11-2 at 93-95.] Thus,

the district court's dismissal of Plaintiff's complaint and the Ninth Circuit's dismissal of Plaintiff's appeal count as two strikes.

Finally, in *Hammler v. Director of CDCR*, No. 2:17-cv-1949 (E.D. Cal.), the magistrate judge recommended that the complaint be dismissed without leave to amend for failure to state a cognizable claim. [Doc. No. 11-2 at 108-122.] The district court adopted the recommendation and dismissed the complaint, except as to one defendant. [Doc. NO. 11-2 at 123-125.] Thereafter, Plaintiff filed a First Amended Complaint against that defendant. The magistrate judge then made recommendations that the action was frivolous and denied leave to amend. [Doc. No. 11-2 at 126-134.] The district court adopted the recommendations and dismissed the action as frivolous. [Doc. No. 11-2 at 135-137.] Thus, the district court's dismissals of the complaint and first amended complaint constitute a "strike."

Accordingly, there are more than the number of "strikes" required to revoke Plaintiff's in forma pauperis status under 28 U.S.C. §1915(g).[1]

B.  Imminent Danger.

Here, Plaintiff did not allege that he was under any imminent danger of serious physical injury at the time he filed his Complaint. [Compl. at 3-9, Doc. No. 1.] Rather, Plaintiff claims that Defendant interfered with his ability to accept a telephone call from his family members over four years ago. [*Id*. at 3.] Moreover, Plaintiff is currently housed at an entirely different institution from where Defendant is employed and is not in imminent danger for the acts alleged in the Complaint. [*Id*. at 1.] Therefore, Plaintiff is not entitled to benefit from the "imminent danger" exception. *See* 28 U.S.C. §1915(g); *Andrews*, 493 F.3d at 1053, 1056-57.[2]

/ / / / /

---

[1] In his opposition, Plaintiff does not address any of the evidence of "strikes" submitted by Defendant. [*See* Doc. No. 18.]

[2] Plaintiff also fails to argue or submit any evidence that he is in imminent danger. [*See* Doc. No. 18.]

## CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS**:

1. Defendants' motion to revoke Plaintiff's IFP status and dismiss the complaint is **GRANTED**;
2. Plaintiff's IFP status is **REVOKED**;
3. This action is **DISMISSED WITHOUT PREJUDICE** unless Plaintiff pays the $400 filing fee in full no later than **March 4, 2022**; and
4. Should Plaintiff pay the filing fee, then Defendant shall respond to the Complaint by **March 25, 2022**.

**IT IS SO ORDERED.**

Dated:  February 8, 2022

Hon. Cathy Ann Bencivengo
United States District Judge